IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DARREN LEE WHARTON                                                                    PETITIONER

versus                                                        CIVIL ACTION NO. 2:05cv2153-KS-MTP

CHRISTOPHER EPPS                                                                      RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on petition of Darren Lee Wharton for writ of habeas corpus and the respondent's Motion to Dismiss Pursuant to § 2244(d) [5]. Having considered the submissions of the parties, along with documents made a part of the record of this case and the applicable law, the undersigned recommends that the motion to dismiss be granted.

PROCEDURAL HISTORY

In 1995 Petitioner Darren Lee Wharton was convicted of capital murder by a jury in the Circuit Court of the First Judicial District of Harrison County and sentenced to serve a term of life without parole in the custody of the Mississippi Department of Corrections. Wharton perfected a direct appeal, and on November 25, 1998, the Mississippi Supreme Court affirmed the judgment of conviction and sentence in a written opinion.[1] Wharton did not seek further discretionary review in state court by filing a petition for rehearing, nor did he file a petition for writ of certiorari to the United States Supreme Court. He did file a motion for post-conviction relief in the circuit court on November 1, 1999 and an amended motion on November 8, 1999. Disposition of those motions did not occur until November 6, 2003, when the circuit court dismissed them for lack of jurisdiction. On April 14, 2004, Wharton sought leave from the supreme court to file a petition for post-conviction relief in the trial court. Although the out-of-

---

[1] *Wharton v. State of Mississippi,* 734 So. 2d 985 (Miss. 1998).

time application was accepted for filing, the supreme court denied it on August 2, 2004. Wharton's motion for rehearing was denied on October 1, 2004.

Wharton did not file his petition for writ of habeas corpus until November 14, 2005. The respondent contends that Wharton's petition was not timely filed and that it should accordingly be dismissed. According to Wharton, the statutory period for seeking federal habeas relief was tolled during the pendency of his post-appeal filings in state courts.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999). The expiration of the time for review thus includes "the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts v. Cockrell,* 319 F.3d at 694.

As noted above, following the Mississippi Supreme Court's decision on November 25, 1998, Wharton did not pursue further review. His judgment therefore became final–and the statute of limitations for federal habeas relief began to run–on February 23, 1999 (November 25, 1998 plus ninety days), giving him until February 23, 2000 to file his petition. Wharton did not file his federal petition until November 14, 2005,[2] nearly six years after the federal statute of

---

[2] As Wharton is represented by counsel, he is not entitled to the benefit of the "mailbox rule," which tolls the statute of limitations when the *pro se* petitioner delivers his petition to prison officials for mailing. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999).

2

limitations had expired.  Based on the foregoing, Wharton's federal petition for habeas corpus is barred by the one-year statute of limitations unless he is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between the judgment's becoming final on February 23, 1999 and Wharton's filing of the federal petition for habeas corpus on November 14, 2005 is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction" remains pending.  Although Wharton sought post-conviction relief in November of 1999,  he filed the requisite documents in the trial court rather than having first sought leave of the supreme court to do so.   While the supreme court ultimately accepted the application as timely based on Wharton's efforts to proceed in the circuit court, those efforts do not render the application "properly filed" for purposes of tolling the limitation period described in section 2244(d)(2).[3]  *See Larry v. Dretke,* 361 F.3d 890, 893 (5th Cir. 2004)(affirming dismissal of petition as time-barred by petitioner's failure to properly file state habeas petition). Even if deemed properly filed, the time between the filing of the initial motion in the trial court and its dismissal would have extended the limitations period only to February 28, 2004.[4] Consequently, Wharton still filed his petition for writ of habeas corpus more than a year after the latest possible deadline had passed.

Wharton likewise cannot claim entitlement to equitable tolling. That doctrine "preserves a

---

[3] The plain wording of section 2244(d)(2) specifies tolling only for a "pending" "properly filed application."  *See Flanagan v. Johnson,* 154 F.3d 196, 199 & n.1 (5th Cir. 1998).

[4] 1,466 days elapsed between November 1, 1999–the date the motion was filed–and November 6, 2003–the date it was dismissed for lack of jurisdiction, thereby arguably extending the habeas filing deadline by that number of days from February 23, 2000 to February 28, 2004.

3

plaintiff's claims when strict application of the statute of limitations would be inequitable." *Larry v. Dretke,* 361 F.3d at 896 (citation omitted).  To the extent that Wharton claims that equitable tolling applies, the apparent basis for such tolling is Hurricane Katrina:  "Due to the natural disaster of Hurricane Katrina occurring August 29, 2005, and the damages it caused, counsel for Wharton was unable to file the Petition for Writ of Habeas Corpus until November 14, 2005." [5]  However, the occurrence of this indisputably catastrophic event more than a year after the latest possible date for filing the petition does not constitute such "rare and exceptional circumstances"[6] as would warrant extension of the one-year limitation period.  *See Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999) (stating that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights").

    The absence of any explanation at all for his failure to file his federal habeas petition between February 28, 2004 and August 29, 2005 is particularly telling since entitlement to equitable tolling is dependent, in part, upon the petitioner's exercise of diligence in pursuing his federal claims.[7]  *See Egerton v. Cockrell,* 334 F.3d 433, 437 (5th Cir. 2003).  Wharton's lack of diligence is highlighted by his waiting to file his federal habeas petition until more than a year after the last state-court ruling on his case.  *See Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir.

---

[5] Answer to Motion to Dismiss [6] at 2.

[6] *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)(observing that equitable tolling is appropriate "only in rare and exceptional circumstances").

[7] Wharton relies on an exhaustion argument to excuse his tardiness: "[A]ll state remedies must be exhausted prior to bringing a writ of habeas corpus.  [A]ll state remedies were finally exhausted when the Mississippi Supreme Court denied the Petitioner's Motion to Reconsider on October 1, 2004." Answer to Motion to Dismiss [6] at 2. This position obtains Wharton nothing as it provides no explanation for his lack of diligence between October 1, 2004 and the hurricane nearly a year later.

2001) (finding that four-month delay in filing petition after state-court ruling was not sufficiently diligent to warrant equitable tolling). Accordingly, neither statutory nor equitable tolling applies to extend Wharton's deadline for filing his federal habeas petition.

## CONCLUSION

Wharton's state court conviction became final on February 23, 1999. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A) and the tolling provision of section 2244(d)(2), he had until to February 28, 2004 at the latest to file a federal petition for a writ of habeas corpus. As he did not file his petition until November 14, 2005, he cannot avoid the statutory bar.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the respondent's Motion to Dismiss [5] be GRANTED and that Wharton's Petition for Writ of Habeas Corpus be dismissed.

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify, in whole or part, the recommendations of the Magistrate Judge or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 2d day of July, 2007.

s/Michael T. Parker
United States Magistrate Judge